This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    NO. A-1-CA-36917

**CHRISTINA M. BANGHART-PORTILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Martha Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

**{1}** Defendant Christina Banghart-Portillo appeals the district court's order denying her motion to correct an illegal sentence. To the extent Defendant raised issues with the legality of her sentence that fall under Rule 5-802(A) NMRA, we transferred the file to the New Mexico Supreme Court to consider that portion of Defendant's appeal. On her remaining issues, Defendant contends that in her latest probation revocation, (1) she was given an incorrect amount of credit for days previously served in confinement and on probation, and (2) when her sentence was enhanced she had already served her full sentence as to one of the charges she was convicted of, and the district court had therefore lost jurisdiction to enhance her sentence as to that count. This Court issued a notice of proposed disposition, proposing to affirm, in part, as to the enhancement of Defendant's sentence, and reverse, in part, as to the calculation of her time served. Defendant has filed a memorandum in opposition, and the State has filed a notice of non-filing a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm, in part, and reverse, in part.

**{2}** In this Court's calendar notice, we proposed to reverse for recalculation of Defendant's credit for days served on probation, as we saw no explanation for what appeared to be a discrepancy in the later order giving Defendant credit for fewer days served on probation than was granted to her in the earlier order. As the State concedes

such a discrepancy appears to exist, we reverse for recalculation of Defendant's time served.

{3}    We further proposed that as to Defendant's claim that the district court lost jurisdiction, it did not appear that Defendant's judgment and sentence was structured for time served on probation to correspond with any particular conviction, and we proposed that Defendant had no reasonable expectation of finality as to count one or any limitation on the enhancement prior to the completion of her entire probationary period. *See State v. Yazzie*, 2018-NMCA-001, ¶ 14, 410 P.3d 220 (stating that, "[b]ecause neither the plea agreement nor the judgment and sentence structured [the d]efendant's sentence such that the time served on probation corresponded with a particular conviction, [the d]efendant had no reasonable expectation of finality as to [c]ount 1 or any limitation on the enhancement of [c]ount 1 prior to the completion of his entire three-year period of probation"). Defendant was sentenced to eighteen months enhanced by one year for count one, tampering with evidence. [RP 118] She was sentenced to the same for count two, conspiracy to tamper with evidence. [Id.] She was sentenced to serve a total term of five years, with three suspended. [Id.] She was given three years on probation. [Id.] As the probation term was not assigned to run in accordance with either of the counts, but rather in total time, we proposed to

conclude that Defendant's case was similar to that in *Yazzie* and she was thus still subject to the district court's jurisdiction for enhancement of both counts. [CN 4]

{4}	In response, Defendant continues to argue that because her two counts were set to run consecutively, and that "the most reasonable way to read her plea and sentence was that she be required to serve 2.5 years on each count, run consecutively," that the district court had lost jurisdiction to enhance her sentence as to the first count. [MIO 6] Defendant, however, does not demonstrate how or point to any indication in the record that her sentence was structured so that the total term of probation was divided and portions assigned to run in accordance with either count and not total time.

{5}	Because Defendant has not demonstrated that she had a reasonable expectation of finality as to count one of her sentence, we conclude that Defendant has not satisfied her burden to oppose the proposed summary disposition. *See Hennessy v. Duryea,* 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{6}	Accordingly, we affirm, in part, and reverse, in part.

{7}	**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

4

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**STEPHEN G. FRENCH, Judge**